## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| WALLACE AARON SIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14 C 1991 |
| ) | |
| JOHN DOE, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM ORDER

Wallace Aaron Simmons ("Simmons") has utilized a printed form of 42 U.S.C. § 1983 ("Section 1983") Complaint, which is provided by the Clerk's Office for use by prisoners, to file such an action against two "John Doe" defendants, and he has accompanied his Complaint with some exhibits as well as an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion"), with the latter two documents also being tendered on Clerk's-Office-supplied printed forms. Those submissions call for three threshold inquiries by this Court:

1. whether Simmons has satisfied the exhaustion-of-administrative-remedies precondition to suit prescribed by 42 U.S.C. § 1997e(a);

2. whether the preliminary screening of the Complaint prescribed by 28 U.S.C. § 1915A(a)[1] has revealed a ground for dismissal under either Section 1915(e)(2) or Section 1915A(b)(1); and

---

[1] Further references to provisions of Title 28 will take the form "Section --," omitting the prefatory "28 U.S.C. §."

3. whether Simmons has provided the information necessary for this Court to make the determination called for by Section 1915(b).

Those lines of inquiry will inform this Court as to whether Simmons' action should be permitted to go forward at this time and, if so, on what terms.

As to the first of those inquiries, Simmons' allegations indicate, with the application of the "plausibility" requirement set out in the Twombly-Iqbal canon, that he has met the 42 U.S.C. § 1997e(a) precondition. This memorandum order accordingly turns to the second inquiry. In that regard the same "plausibility" requirement reveals no predicate for characterizing Simmons' action as "frivolous or malicious" or -- subject to defendants' possible filing of any future Fed. R. Civ. P. ("Rule") 12(b)(6) motion -- as failing to state a claim upon which relief may be granted.

That in turn leads to the third inquiry, which requires a plaintiff such as Simmons to provide a printout or printouts covering all transactions in his trust fund account during the six-month period preceding the date of filing his Complaint. In that latter respect Simmons has not identified that filing date, for purposes of which he is entitled to the benefit of the "mailbox rule" established by Houston v. Lack, 487 U.S. 266 (1988), under which the controlling date is the time when he either mailed the Complaint or delivered it to the authorities at Pinckneyville Correctional Center ("Pinckneyville," where he is now in custody) for such mailing.

That poses a puzzling issue, for both Simmons' certification at the end of the Complaint and the Application are dated February 10, 2014 (while the Motion is undated), but Simmons' papers were not received in the Clerk's Office here until more than a month later -- on March 19. In addition and relatedly, Simmons' trust fund account printouts comprise one from Stateville

Correctional Center for a period beginning July 1, 2013 and another from Pinckneyville that picks up where the earlier printout left off but extends only to February 7, 2014.

What this Court needs from Simmons, then, are (1) the identification of the filing date and (2) the Pinckneyville printout covering the period from February 7 of this year through that filing date.  In the meantime, though, it is obvious (1) that Simmons will qualify for the special form of in forma pauperis treatment that Section 1915 prescribes for persons in custody and (2) that the Motion should be granted so that this action may go forward even while Simmons is assembling the additional required information referred to in this paragraph.

Accordingly this Court has obtained the name of the following member of this District Court's trial bar, who is designated to represent Simmons pro bono publico:

> Karina Zabicki DeHayes
> Tabet DiVito & Rothstein, L.L.C.
> The Rookery Building
> 209 South LaSalle Street, 7th Floor
> Chicago, IL  60604
> 312-762-9450
> Email:  kdehayes@tdrlawfirm.com

That counsel is advised that she should make any necessary arrangements for the service of process on any defendant if problems arise in connection with the Marshals Service's doing so, with any cash advances made by counsel for that purpose to be subject to reimbursement from this District Court's funds.  In the meantime this Court is contemporaneously issuing an initial status hearing order, for which purpose counsel should be in touch with the Attorney General's office to determine whether it will be representing the "Doe" defendants or can be of assistance in identifying them.

                                                  Milton I. Shadur
Date:  April 8, 2014                     Senior United States District Judge