# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **WALLACE AARON SIMMONS**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14 C 1991 |
| | ) |
| **JOHN DOE**, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM ORDER

On April 8, 2014 this Court issued a memorandum order ("Order") in this 42 U.S.C. § 1983 action brought pro se by prisoner Wallace Aaron Simmons ("Simmons"), who employed for that purpose a printed form of Complaint provided by the Clerk's Office for use by persons in custody. Although the In Forma Pauperis Application ("Application") that accompanied Simmons' Complaint had not provided all of the information necessary for this Court to make the determination called for by 28 U.S.C. § 1915(b),[1] this Court's analysis of Simmons' filing made it plain that he would indeed qualify for in forma pauperis ("IFP") status once the required information had been provided. Just as importantly, this Court also determined that Simmons' accompanying Motion for Appointment of Counsel ("Motion") was well-founded, so that the Order designated a member of this District Court's trial bar to represent him pro bono publico.

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

Since then the designated counsel and another lawyer from the same law firm have addressed the issues with appropriate professional attention,[2] including their presentation of a motion during today's motion call to move the case forward. In the course of the hearing on that motion this Court was advised by counsel that Simmons had promptly transmitted a response that provided the previously-missing information (his response had been received in the Clerk's Office on April 17, but that office had inexplicably failed to carry out its responsibility to deliver a copy to this Court's chambers).

This Court immediately obtained a copy of the April 17 filing from counsel and has since carried out the calculation called for by Section 1915(b)(1) covering the six-month period ended March 14, 2014 (that was the "filing" date of the Complaint under the Houston v. Lack, 487 U.S. 266 (1988) "mailbox rule"). Because the average monthly deposits to Simmons' trust fund account at the two institutions where he was housed during that six-month period had amounted to $35.01, the required initial installment payment toward the $350 filing fee under Section 1915(b)(1) was 20% of that figure, or $7.00.

Accordingly the trust fund authorities at Pinckneyville Correctional Center ("Pinckneyville"), where Simmons is now in custody, are ordered to remit to this District Court's Clerk's Office forthwith the sum of $7.00 plus 20% of any deposits into his trust fund account since March 14, 2014 (see Sections 1915(b)(1) and 1915(b)2)). For that purpose the

---

[2] This Court expresses special appreciation to both lawyers for the manner in which they have taken on the case, demonstrating once again how fortunate this District Court is to have established its trial bar on the terms established by its judges, with valuable recommendations from the lawyers' advisory committee that paid a major role in establishing the standards and requirements for trial bar membership.

Pinckneyville trust fund officer is ordered to collect that amount from Simmons' trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

>Office of the Clerk
>United States District Court
>219 South Dearborn Street
>Chicago IL 60604
>
>Attention: Fiscal Department

After such payment the trust fund officer at Pinckneyville (or at any other correctional facility where Simmons may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Simmons' name and the 14 C 1991 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Pinckneyville trust fund officer.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 16, 2014